COHEN & MANN *v.* UNITED STATES

**No. 5967.**—Invoice dated Biala Krakowska, Poland,. August 13, 1938.
　　　　Certified August 24, 1938.
　　　　Entered at New York, N. Y., September 8, 1938.
　　　　Entry No. 726870.

(Decided December 21, 1943)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

COLE, Judge: This appeal for reappraisement brings for determination the proper dutiable value of a shipment of wool fabrics, exported from Poland, in August 1938, and entered at the port of New York, in September 1938.

The case has been submitted for decision on a written stipulation, filed December 13, 1943, wherein the parties agree that the proper basis of appraisement for the merchandise described as "Adria E. Cloth" on invoice 2 of the entry in question, to which the appeal is limited, is export value within the statutory definition thereof set forth in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (d)), that the issue and merchandise involved herein are substantially the same as those which were before the court in *United States* v. *Cohen & Mann*, Reap. Dec. 4865, and that the record in the said case be incorporated herein.

The issue in the incorporated case involved an item of 5 per centum of the New York landed price of the merchandise, presenting the question whether the amount thereof was a buyer's or a seller's commission. It was established of record that an agent in this country acted for certain importers of the goods, the latter agreeing to payment of 5 per centum commission to the former for acquiring the merchandise from the foreign manufacturers at satisfactory prices; that the manufacturers at no time received any part of the item in dispute; and that title to the goods never vested in the agent, but always passed directly from the manufacturers to the importers. The court found as a matter of fact that the "5 per centum commission here in dispute was a buying or purchasing commission paid by the importer herein to its agent for services rendered by him in buying and procuring the instant merchandise from the manufacturer abroad," and held, as a matter of law, citing authorities, that "said commissions constitute no part of the value of the merchandise for appraisement purposes."

On the stipulated facts, I find the proper basis for appraisement of the merchandise in question to be export value as defined in section 402 (d), *supra*, and hold such value to be the appraised value less the item, "5% Tax," added under duress on entry by the importer. Judgment will be rendered accordingly.